## ANTHONY v. ANTHONY.

[No. 26,498. Filed May 22, 1936. Rehearing denied October 21, 1936.]

*Vernon Freed, Walter R. Arnold* and *Albert P. Frantz,* for appellant.

*Yeagley & Yeagley* and *Fred House,* for appellee.

FANSLER, J.—This is an appeal from a judgment holding appellant in contempt of court for failure to comply with an order of court made in a divorce case requiring him to pay $5 per week for the support of his children. Appellant was in arrears $60 at the time of the filing of the application for the rule.

The only errors assigned question the sufficiency of the evidence, which is said to be uncontroverted. It may be true that there are no conflicts in the testimony, but there may be a difference of opinion upon the ultimate question of whether or not appellant willfully failed to comply with the court's order. The original citation issued against appellant in July, 1933. Hearings were continued from time to time, and, on the 24th day of January, 1934, a new information was filed

without a hearing having been had. A hearing was not had until the 12th day of October, 1934, more than a year after the original citation. Appellant testified that he had been unable to get work; that he had been ill and incapacitated for several weeks; that he was living on his father's farm, working for his board and lodging only; that he had no agreement with his father for compensation; that he had no property or money. There was evidence that he sold certain household furniture and equipment, amounting to $30 or $35, while he was in arrears in his payments, and used the money to make a payment upon an automobile; and that he earned some money working in a creamery, which he used for the same purpose. He testified that he looked for work twice only; that his father had bought him such clothes as he needed.

The evidence heard in the divorce case, in which the order for payments was made, is not before us, and it must be assumed that it was sufficient to establish that at that time appellant was able to pay. In the present contempt proceeding appellant was before the trial court. That court had an opportunity to observe him and to judge his capacities from his appearance and manner, and to determine from all of the circumstances and surroundings whether or not appellant had in good faith endeavored to comply with the court's order. There is some evidence at least to sustain the court in its determination of the issue.

Judgment affirmed.